UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-60229-MIDDLEBROOKS

CRISTIAN MIDAEL CORDONA
MARROQUIN,

       Petitioner,

v.

KRISTI NOEM, in her official
Capacity as Secretary of Homeland
Security, et al.,

       Respondents.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES

THIS CAUSE comes before the Court upon Petitioner's Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed March 20, 2026. (DE 16). The motion is ripe. (DE 17 and DE 18). For the following reasons, the motion is granted.

I begin by first addressing Respondents' argument that the EAJA does not apply to habeas proceedings. I disagree. Although Respondents cite decisions from the Fourth and Fifth Circuits concluding that EAJA does not apply to certain habeas actions, those cases are neither controlling nor persuasive here. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *O'Brien v. Moore*, 395 F.3d 499, 508 (4th Cir. 2005). Indeed, multiple courts of appeals have held that immigration habeas petitions are "civil actions" within the meaning of § 2412(d). *See, e.g., Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025); *Vacchio v. Ashcroft*, 404 F.3d 663, 669-72 (2d Cir. 2005); *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985). I find the reasoning of those courts more consistent with the text, structure, and purpose of EAJA. EAJA therefore applies.

Under the EAJA, a party may recover an award of attorney fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d).

First, Petitioner is the prevailing party. I previously granted his habeas petition and ordered that he be afforded a substantive bond hearing within seven days or be released. (DE 15 at 2). This constitutes relief on the merits and a material alteration of the parties' legal relationship with the requisite judicial imprimatur. *See Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022).

Second, the Motion is timely. EAJA's 30-day filing deadline supersedes Local Rule 7.3(b)'s conferral requirement, which expressly yields when a federal statute imposes a shorter deadline. *See Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). Petitioner therefore did not violate the Local Rules.

Third, Petitioner satisfies the net worth requirement. He submitted a sworn declaration confirming that his net worth has never exceeded $2,000,000 and assigning any fee award to counsel. (DE 16-1 ¶ 2). No special circumstances have been identified that would make an award unjust.

Fourth, Respondents have not shown that its "position" was substantially justified. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D); *INS v. Jean*, 496 U.S. 154, 158–60 (1990). They offer no justification for the conduct that gave rise to this litigation, and *Jean* makes clear that a single failure to establish substantial justification "operates as a one-time threshold for fee eligibility."

*Id.* at 160. In any event, the Government's position during this case was not substantially justified. Respondent acknowledged that their statutory interpretation had been rejected by numerous courts in this district. (DE 7 at 3–5.) And although they rely on *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), I expressly adopted the Magistrate Judge's finding that that decision unpersuasive and contrary to the overwhelming weight of authority. (DE 13 at 3 n.3.) The Government's position lacked a reasonable basis in law or fact.

Finally, the requested fees are reasonable. The hourly rate of $257 is consistent with the EAJA cost-of-living adjustment for 2025 and has been recognized as the upper limit for that year. *See Kerney v. Comm'r of Soc. Sec.*, No. 6:24-CV-1765-JSS-LHP, 2025 WL 1953567, at *2 n.1 (M.D. Fla. June 30, 2025), *report and recommendation adopted*, No. 6:24-CV-1765-JSS-LHP, 2025 WL 1952043 (M.D. Fla. July 16, 2025). Petitioner seeks compensation for 70.8 hours. I have reviewed counsel's declaration and billing records. Counsel exercised billing judgment by excluding fully redacted entries. The hours expended are reasonable given the urgency of habeas litigation, the evolving statutory landscape, and the Government's shifting and abbreviated filings. Time spent preparing the EAJA motion is compensable. *Jean*, 496 U.S. at 163–65.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1)   Petitioner's Motion for Attorneys' Fees (DE 16) is **GRANTED.**

2)   Petitioner is awarded **$18,195.60** in attorneys' fees, payable to Petitioner but subject to the valid assignment on file and any offset permitted by law.

3

3) A judgment will be separately entered.

**SIGNED** in Chambers at West Palm Beach, Florida, this ⟋⟋ day of April, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

4